# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| JULIE SEITZ, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.: |
| TALBOTS, INC., | ) ) ) ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JULIE SEITZ ("Plaintiff" or "Seitz"), and files her Complaint against Defendant, TALBOTS, INC. ("Defendant" or "Talbots"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA"), and the Massachusetts Fair Employment Practices Act, Mass. Gen. L. Ann. Ch. 151B, § 1, *et seq.* (hereinafter "FEPA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her pregnancy and her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the FMLA.

3.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Massachusetts Fair Employment Practices Act pursuant to 28 U.S.C. §1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

5.     Plaintiff, Julie Seitz, is a permanent resident of the United States, and is and was at all times material, a resident of the state of North Carolina.

6.     Defendant, Talbots, Inc., is a For Profit Corporation with its principal place of business in Hingham, Massachusetts.

7.     Plaintiff worked for Defendant remotely, and reported to Defendant's corporate office in Hingham, Massachusetts.

8.     Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On January 26, 2022, Plaintiff dual filed a claim with the Massachusetts

Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. §2000e-5(b) and (e) based on sex, pregnancy, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On January 31, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

13. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is Female.

15. Plaintiff worked for Defendant for approximately three (3) years.

16. At the time of her termination, Plaintiff held the position of District Director for Defendant.

17. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

18. In mid-October 2021, Plaintiff began FMLA medical leave due to giving birth to a child.

19. On or about December 17, 2021, while Plaintiff was on FMLA leave, Defendant's Regional Vice President, Gay Hubbell, contacted Plaintiff and informed her that she planned to fly to Plaintiff and meet with her in person to "discuss some things that had come up in the last few weeks."

20. Prior to Plaintiff's FMLA medical leave, Plaintiff was never issued any warnings

about performance or leadership issues.

21. Plaintiff returned to work from her FMLA medical leave on January 3, 2022 and met with Ms. Hubbell at Ms. Hubbell's hotel.

22. Ms. Hubbell informed Plaintiff about "issues" that arose while Plaintiff was on FMLA leave, but Ms. Hubbell was vague, refusing to provide specific examples.

23. Ms. Hubbell did not ask Plaintiff for her version of the events pertaining to the purported issues.

24. During the meeting, Ms. Hubbell called Defendant's Senior Human Resources Manager, Heather Malky to discuss offering Plaintiff a severance package so that Plaintiff could "gracefully exit the business," despite Plaintiff having no interest in parting ways with Defendant.

25. Ms. Malky informed Plaintiff and Ms. Hubbell that she could not discuss the severance package because the individual responsible for Defendant's payroll was not available.

26. Consequently, Ms. Hubbell informed Plaintiff that she was excused from the meeting.

27. Plaintiff contacted Ms. Hubbell and Ms. Malky by phone after the meeting and asked both Ms. Hubbell and Ms. Malky what would happen if she did not execute the offered severance package, but they only responded that Defendant was making "leadership changes."

28. Later that night, without any further discussion between Plaintiff and Defendant, Ms. Malky e-mailed Plaintiff a termination letter and severance offer without engaging in its typical progressive discipline process.

29. Similarly-situated employees outside of Plaintiff's protected classes were not treated in the same manner as Plaintiff.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
### Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

33. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

34. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

35. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

## Count II:
### Retaliation in Violation of Title VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

37. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

38. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

39. Defendant's conduct violated Title VII.

40. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

41. Defendant's actions have cause Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
## Interference in Violation of the FMLA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

44. Plaintiff was an employee eligible for protected leave under the FMLA.

45. Defendant is and was an employer as defined in the FMLA.

46. Plaintiff exercised or attempted to exercise her rights under the FMLA.

47. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

48. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant's willful violations of the FMLA, thereby entitling her to legal relief.

## Count IV:
## Retaliation in Violation of the FMLA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

51. Plaintiff was an employee eligible for protected leave under the FMLA.

52. Defendant is and was an employer as defined by the FMLA.

53. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

54. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

55. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's willful violation of the FMLA, thereby entitling her to legal relief.

### Count V:
### Gender and Pregnancy Discrimination in Violation of Massachusetts Fair Employment Protection Act

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

58. Plaintiff is protected from pregnancy discrimination under the FEPA.

59. Defendant violated the FEPA by terminating and discriminating against Plaintiff based on her sex and her pregnancy.

60. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FEPA, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and prestige for which she is entitled to damages.

61. Defendant's actions have cause Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
BBO# 692509
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*